SILVERMAN, Circuit Judge,
dissenting:
I agree with the majority that the district court properly granted summary judgment on Joki’s Title VII and state law claims. However, I respectfully disagree with the majority’s conclusion that there is a triable issue of fact regarding Joki’s 42 U.S.C. § 1983 equal protection claim.
It is true that a hostile work environment claim is not time-barred “so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the [statute of limitations].” Nat’l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). The Supreme Court has explained that each act contributing to such a claim must be “part" of the whole,” and if the only act within filing period has “no relation” to the time-barred conduct or is otherwise “no longer part of the same hostile environment claim,” the employee cannot recover for the previous acts. Id. at 118, 122 S.Ct. 2061. That is the situation here.
There is no evidence, nor even any inference to be raised, that Underwood’s snub of Joki or Carlile’s gesture towards her contributed to a hostile work environment, because there is simply no connection between this behavior and the otherwise time-barred, discriminatory conduct alleged by Joki. The record lacks any indication that these incidents were motivated by gender animus as opposed to ordinary dislike, that they are factually connected to any of the past gender-related conduct directed towards Joki, or that they are in any way similar to past acts of discrimination. Underwood’s and Carlile’s actions can only be characterized as minor insults or annoyances and are insufficient to show the continuation of a hostile work environment created by gender discrimination. Accordingly, I would affirm the district court’s grant of summary judgment in its entirety.